FILED

MAR 1 5 2021

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| BRYANT KEITH YOUNG | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No _1:21cv35_ |
| | ) | _IMK / MJA_ |
| v. | ) | |
| | ) | Clarksburg Division |
| WEST VIRGINIA UNIVERSITY, WEST | ) | |
| VIRGINIA UNIVERSITY BOARD | ) | |
| OF GOVERNORS, and/or DR. KATHLEEN | ) | |
| O'HEARN RYAN, | ) | |
| | ) | |
| | ) | Jury Trial Demanded |
| Defendants, | ) | |

**COMPLAINT**

AND NOW COME Bryant Keith Young (the "Plaintiff") and for his Complaint against the

Defendants hereby aver and allege as follows:

**INTRODUCTION**

1.      This is a civil action brought under 42 U.S.C. § 1983 to redress the deprivation of

Plaintiff's liberty and property rights by Defendants without due process as required by the

Fourteenth Amendment to the United States Constitution and Article III, Section 10 of the West

Virginia Constitution.  Defendants knowingly and intentionally sabotaged Plaintiff's reputation

with investigating his actions, all without affording Plaintiff's due process.  Plaintiff suffered age

and race discrimination, as well as Freedom of Speech violations.  Plaintiff seeks damages and

declaratory and injunctive relief for the constitutional violations committed by Defendants,

including recovery for the damage Defendants have caused to Plaintiff's reputation.

**THE PARTIES**

1.      Plaintiff, Bryant Keith Young is an individual who resides at 3000 Greenridge

Drive, Apt. 1638, Houston, Texas  77057.  At all times material to the claims asserted in this

Complaint, Plaintiff was an enrolled as a student at West Virginia University in spring 2020. Plaintiff graduated from West Virginia University in the Fall Semester 2020.

2.      Defendant West Virginia University ("WVU") is an educational institution duly authorized to conduct business, as such, under the laws of the State of West Virginia.

3.      Defendant West Virginia University Board of Governors ("WVU Board of Governors"), is the institutional governing board appointed by the Governor of the State of West Virginia, as authorized by W. Va. Code § 18B-2A-1.

4.      Defendant Dr. Kathleen O'Hearn Ryan ("Dr. Ryan") is a Professor in the English Department at West Virginia University.   Upon information and belief, her current business address is West Virginia University, Department of English, 100 Colson Hall, 1503 University Ave., Morgantown, WV  26506-6296.

## JURISDICTION AND VENUE

5.      The claims made in this Complaint are brought pursuant to 42 U.S.C. § 1983, and the jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This court has jurisdiction to hear any additional state law claims set forth herein pursuant to 28 U.S.C. § 1367.

6.      A substantial portion of the events giving rise to the claims asserted in this Complaint occurred in this federal district, in Morgantown, West Virginia, and therefore venue lies in this District pursuant to 28 U.S.C. § 1391.

## BACKGROUND FACTS

7.      Plaintiff was enrolled as a student in English 200 (Dr. Ryan's class) in the Spring Semester 2020.  Around early March 2020, Dr. Ryan called Plaintiff into her office.  Plaintiff assumed the discussion would be about his performance in her class; instead, it was about some false accusations that were made against him.

2

8.     Plaintiff is a SAG-AFTRA union actor and minored in Theater Arts on the college level. Plaintiff even had an integral role in an independent faith-based play/film called "Who Did I Marry?" released in 2013. This production appeared on Netflix and can currently be seen on streaming TV service, "Tubi." Plaintiff played the role of a pastor. Plaintiff also sometimes film, shoot and direct his own independent short films.

9.     Around spring semester 2020, Plaintiff asked several female students in English 200 would they like to receive a role in an independent short film that he was going to shoot in West Virginia. Plaintiff also asked several male students (that were not students in English 200) and they willingly agreed. The female students willingly agreed to be a part of this project and stated their verbal agreement. Plaintiff even took one of the female students out to lunch to discuss the role and in the agreement that she would appear in his project.

10.     When Dr. Ryan called Plaintiff into her office, she automatically said to him that she received complaints that he was "pressuring" some female students to be a part of a short film. Dr, Ryan stated there were some complaints. Plaintiff told her that was false. Plaintiff also told her that the students agreed to be a part of his project. Plaintiff even told Dr. Ryan that he saw talents in these students. Dr. Ryan suddenly responded, "Well, let them use that talent for something else." With that reply, Dr. Ryan had already decided that she felt that Plaintiff was pressuring them without giving him any due process.

11.     Dr. Ryan is an English professor. It puzzled Plaintiff why they were discussing something other than English.

12.     Around July 2020, Plaintiff requested an investigation into this matter with the Office of Student Conduct. Plaintiff wanted an investigation of the student(s) who lied on him (falsely accusations) and stated that he was pressuring them.

13.    Carrie Showalter ("Showalter") and Jill Gibson ("Gibson") from the Office of Student Conduct stated that after some research, there was never a complaint made against Plaintiff. Plaintiff told them that the student(s) must have complained to Dr. Ryan and Showalter and Gibson continued to state that there was no complaint against Plaintiff.

14.    Around July 2020, Plaintiff contacted the Director of Equity Assurance/Title IX Coordinator (Sexual Misconduct), James Goins Jr. ("Goins"). Goins stated that Dr. Ryan came to him to try to get him to investigate Plaintiff for sexual misconduct and he denied her request. Goins stated that Plaintiff's actions did not constitute any actions of sexual misconduct.

15.    Along with Showalter and Gibson stating that there were never any complaints made against Plaintiff, Dr. Ryan went to the Sexual Misconduct Department (Goins) on her own to have him investigated for no apparent reason, which is a false accusation.

16.    Dr. Ryan stated that a student complained to a colleague of hers (a professor). Dr. Ryan then stated that the student and the colleague subsequently came to her. Yet, Showalter and Gibson said there was no complaint against Plaintiff. Everyone appears to be lying in this case.

## COUNT I – Denial of Procedural Due Process (42 U.S.C. § 1983)

17.    Plaintiff incorporates herein by reference Paragraphs 1 through 16 of this Complaint.

18.    It appears that Dr. Ryan calling Plaintiff into her office, she was conducting her own investigation and was trying to make Plaintiff appear as a sexual deviant. Dr. Ryan's own investigation included going to the Sexual Misconduct Department (James Goins) and to attempt to have him investigated for sexual misconduct. In addition, Dr. Ryan stated that she did not want Plaintiff to write a poem for a class assignment of a sexual nature. At the same time, Dr. Ryan read a Shakespeare poem with sexual connotations to the class and asked the class to write a poem

4

as part of the assignment.  When reviewing Plaintiff's poem, Dr. Ryan stated to Plaintiff, "due to

the climate, you should not read a poem with sexual innuendos." Plaintiff ultimately had to rewrite

his poem as a result.   Defendant knowingly and willfully violated Plaintiff's Due Process rights

guaranteed by the Fourteenth Amendment of the United States Constitution and Article III, Section

7 of the West Virginia Constitution.  Dr. Ryan also violated Plaintiff's First Amendment of the

United States Constitution and Article III, Section 7 of the West Virginia Constitution.

19.     Dr. Ryan did not want the Plaintiff to write a poem with sexual innuendos because

it appeared that she had decided Plaintiff was a sexual deviant and that the Plaintiff committed a

sexual malfeasance and that the students would be offended.  Plaintiff has no history of any sexual

malfeasance and no history of being a sexual deviant of any kind.

## COUNT II – Violation of 34 CFR Part 110 – Age Discrimination

20.     Plaintiff incorporates herein by reference Paragraphs 1 through 19 of this
Complaint.

21.     It is the Plaintiff's opinion that Dr. Ryan implemented these actions due to him

being a much older student, which constitutes age discrimination.  The traditional-aged student is

between 18-23 years of age.  Plaintiff is 56 years old.  Plaintiff feels that his age is a direct cause

of Dr. Ryan's actions, performing her own investigations and accusing him of doing something

wrong by asking female students to be a part of his film project.  Plaintiff later learned that Dr.

Ryan also called additional female students (who were never asked to be a part of his project) to

her office and his name was mentioned in the meetings.

## COUNT III – Violation of 34 C.F.R. Part 100 – Race Discrimination

22.     Plaintiff incorporates herein by reference Paragraphs 1 through 21 of this
Complaint.

5

23.    Plaintiff is African American.  Plaintiff feels that if he were not African American, Dr. Ryan's actions would have been different and she would not have taken any actions at all. This constitutes race discrimination.

## COUNT IV – Violation of 18 U.S. Code § 287 - False, Fictitious or Fraudulent Claims

24.    Plaintiff incorporates herein by reference Paragraphs 1 through 23 of this Complaint.

25.    Plaintiff's rights were violated when Dr. Ryan chose to investigate him for false accusations that were made.  Dr. Ryan chose to defend these false accusations against Plaintiff by calling Plaintiff into her office to conduct her own investigation.  Plaintiff was not given a chance to defend himself against these false accusations and to clear his name.  These accusations were not true and as a result, Dr. Ryan is in violation of  18 U.S. Code § 287 - False, Fictitious or Fraudulent Claims.

26.    Because of co-Defendant's conduct, Plaintiff was deprived of his constitutionally protected rights to fundamental fairness in the actions brought against him by Defendants, and have been damaged as a result.

27.    As a direct and proximate result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff suffered defamation, and slander because of the false accusations brought against him.

28.    As a direct and proximate result of co-Defendant's conduct, Plaintiff suffered embarrassment, humiliation, emotional distress and damage to his reputation.

29.    Because of co-Defendant's conduct, Plaintiff's constitutional rights was violated because of his age and his race.

30.     As a direct and proximate result of the discriminatory conduct to which the Plaintiff was subjected, Plaintiff suffered many months of depression, psychological pain and distress. Co-Defendant's actions caused so much distress that Plaintiff constantly emailed the Office of Student Conduct (Showalter) hoping for some relief, justification and closure, which Plaintiff did not receive, maybe no fault of Showalter's own.

31.     As a direct and proximate result co-Defendant's conduct, the situation could have been really detrimental to the Plaintiff's reputation, as well as person, resulting from the prejudices of a co-Defendant's false accusations.

WHEREFORE, Plaintiff Bryant Keith Young respectfully request that the Court:

(a)     Enter judgment in his favor and against Defendants on Counts I through IV of the Complaint;

(b)     Enter any appropriate declaratory or equitable relief required to prevent the continued violation of Plaintiff's constitutional rights;

(c)     For general damages for past, present, and future pain and suffering, and other damages in excess of $1,000,000 (One Million Dollars);

(d)     Award Plaintiff the reasonable costs and fees associated with bringing this action to enforce their federally-protected rights to due process; and

(e)     Make any other award that the Court deems just and proper.

Respectfully submitted,

Bryant Keith Young, Pro Se
3000 Greenridge Drive, Apt. 1638
Houston, TX  77057
Mobile:  (347) 684-6738
Home:    (832) 623-7819

Dated:  March 11, 2021

7