IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRYANT KEITH YOUNG,**

      **Plaintiff,**

   v.                                                             CIVIL NO. 1:21-CV-35
                                                                                     (KLEEH)

**WEST VIRGINIA UNIVERSITY,**
**WEST VIRGINIA UNIVERSITY BOARD**
**OF GOVERNORS, and DR. KATHLEEN**
**O'HEARN RYAN,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION,**
**OVERRULING OBJECTIONS, AND GRANTING AMENDED MOTION TO DISMISS**

Pending before the Court is a Report and Recommendation ("R&R") from United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge"). For the reasons discussed herein, the Court **ADOPTS** the R&R to the extent consistent with this Memorandum Opinion and Order, grants Defendants' amended motion to dismiss, and dismisses this action.

    **I.**    **INTRODUCTION AND PROCEDURAL HISTORY**

On March 15, 2021, the pro se Plaintiff, Bryant Keith Young ("Plaintiff"), filed a Complaint against the Defendants, West Virginia University, West Virginia University Board of Governors ("WVUBOG"), and Dr. Kathleen O'Hearn Ryan ("Dr. Ryan") (together, "Defendants"). Defendants filed a motion to dismiss and, on the

Case 1:21-cv-00035-TSK-MJA   Document 22   Filed 03/17/22   Page 2 of 14   PageID #: 168

**YOUNG V. WVUBOG ET AL.**                                    **1:21-CV-35**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND GRANTING AMENDED MOTION TO DISMISS**

same day, an amended motion to dismiss. The motion was fully briefed.

The Magistrate Judge then issued an R&R, recommending that the Court dismiss the action. The R&R informed the parties that they had 14 days after receipt of the R&R to file objections. Plaintiff received service of the R&R on June 30, 2021. On July 14, 2021, which was 14 days after his receipt of the R&R, Plaintiff filed a motion for extension of time to file objections. He also attached objections. While the Court finds that Plaintiff has not shown good cause for an extension, the Court will consider the objections filed by Plaintiff and notes that they were, in fact, timely.

## II.  STANDARD OF REVIEW

Rule 12(b)(6) allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted[.]" In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

Case 1:21-cv-00035-TSK-MJA   Document 22   Filed 03/17/22   Page 3 of 14   PageID #: 169
YOUNG V. WVUBOG ET AL.                                          1:21-CV-35

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND GRANTING AMENDED MOTION TO DISMISS**

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).

### III. **FACTS**

For purposes of analyzing Defendants' amended motion to dismiss, the Court assumes that Plaintiff's asserted facts are true. Plaintiff is a 56-year-old African American male. Compl., ECF No. 1, at ¶¶ 21, 23. He was a student at West Virginia University in the spring of 2020. Id. ¶ 7. That semester, he was enrolled in English 200, which was taught by Dr. Ryan. Id.

In March 2020, Dr. Ryan called Plaintiff into her office. Id. Dr. Ryan told Plaintiff that she had received complaints that he was pressuring some female students to be part of a short film. Id. ¶ 10. She stated that a student complained to another professor, and the student and professor subsequently reached out to her. Id. ¶ 16. Plaintiff told Dr. Ryan that this was false

Case 1:21-cv-00035-TSK-MJA   Document 22   Filed 03/17/22   Page 4 of 14   PageID #: 170

**YOUNG V. WVUBOG ET AL.**                                                1:21-CV-35

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND GRANTING AMENDED MOTION TO DISMISS**

and that the students agreed to be part of his project. Id. ¶ 10. Plaintiff, who is an actor and shoots his own films, told Dr. Ryan that he saw talent in the female students. Id. ¶¶ 8, 10. Dr. Ryan replied, "Well, let them use that talent for something else." Id. ¶ 10.

Around July 2020, Plaintiff requested an investigation into this matter with the Office of Student Conduct. Id. ¶ 12. Carrie Showalter and Jill Gibson from the Office of Student Conduct told Plaintiff that no one had filed a complaint against him. Id. ¶ 13. Around July 2020, Plaintiff contacted the Director of Equity Assurance/Title IX Coordinator (Sexual Misconduct), James Goins Jr. ("Goins"). Id. ¶ 14. Goins told Plaintiff that Dr. Ryan asked Goins to investigate Plaintiff for sexual misconduct, but Goins denied her request because Plaintiff's actions did not constitute sexual misconduct. Id.

At one point, Dr. Ryan read a Shakespeare poem to Plaintiff's class. Id. ¶ 18. The Shakespeare poem included sexual connotations. Id. Dr. Ryan then asked the class to write a poem. Id. She told Plaintiff, "[D]ue to the climate, you should not read a poem with sexual innuendos." Id. Plaintiff then had to rewrite his poem. Id.

Based on these facts, Plaintiff asserts the following claims against Defendants: (I) Denial of Procedural Due Process (42 U.S.C.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND GRANTING AMENDED MOTION TO DISMISS**

§ 1983) and violation of the First Amendment (42 U.S.C. § 1983); (II) Violation of 34 C.F.R. Part 110 – Age Discrimination; (III) Violation of 34 C.F.R. Part 100 – Race Discrimination; and (IV) Violation of 18 U.S.C. § 287 – False, Fictitious or Fraudulent Claims.

### IV.    OBJECTIONS TO THE R&R

With respect to the R&R, Plaintiff objects to (1) the Magistrate Judge's finding that Plaintiff's 42 U.S.C. § 1983 claims should be dismissed; (2) the Magistrate Judge's finding that Plaintiff's age discrimination claims should be dismissed; (3) the Magistrate Judge's finding that Plaintiff's race discrimination claim should be dismissed; and (4) the Magistrate Judge's finding that Plaintiff's claim under 18 U.S.C. § 287 should be dismissed.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). As

Case 1:21-cv-00035-TSK-MJA   Document 22   Filed 03/17/22   Page 6 of 14   PageID #: 172

**YOUNG V. WVUBOG ET AL.** 1:21-CV-35

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND GRANTING AMENDED MOTION TO DISMISS**

such, the Court will review de novo all issues to which Plaintiff has objected.

### V.   DISCUSSION

The Court finds that Plaintiff's Complaint should be dismissed as a matter of law. First, Plaintiff's 42 U.S.C. § 1983 claims are barred by the Eleventh Amendment to the United States Constitution. Second, Plaintiff failed to exhaust his administrative remedies with respect to his age discrimination claim. Third, Plaintiff failed to state a claim of race discrimination and failed to name the proper defendant. Fourth and finally, there is no private cause of action under 18 U.S.C. § 287.

**A.   Plaintiff's 42 U.S.C. § 1983 claims are barred by the Eleventh Amendment.**

Plaintiff alleges that Defendants violated both his procedural due process rights and his First Amendment rights. These claims fail because Defendants are entitled to immunity under the Eleventh Amendment to the United States Constitution.

The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." It is well-established that "an unconsenting State

Case 1:21-cv-00035-TSK-MJA Document 22 Filed 03/17/22 Page 7 of 14 PageID #: 173

**YOUNG V. WVUBOG ET AL.**                                                      **1:21-CV-35**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND GRANTING AMENDED MOTION TO DISMISS**

is immune from suits brought in federal court by her own citizen as well as by citizens of another state." Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (2009) (citation omitted). Sovereign immunity also extends to state agencies, officials, and other "arms of the State." See Md. Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 262-63 (4th Cir. 2005); see also W. Va. Univ. Bd. of Governors ex rel. W. Va. Univ. v. Rodriguez, 543 F. Supp. 2d 526, 531-32 (N.D.W. Va. 2008).

Courts have "almost universally" recognized that public state universities, such as WVUBOG here, are "arms of the state" and entitled to immunity. See Md. Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 262 (4th Cir. 2005); see also Rodriguez, 543 F. Supp. 2d at 531 n.3 (citing precedent from all 11 circuit courts of appeal). Further, as a state official, Dr. Ryan is also entitled to Eleventh Amendment immunity. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself." (citation omitted)).

While 42 U.S.C. § 1983 provides a federal cause of action for alleged violations of an individual's constitutional right, it "does not abrogate" the Eleventh Amendment. Syl. Pt. 1, Quern v.

Case 1:21-cv-00035-TSK-MJA   Document 22   Filed 03/17/22   Page 8 of 14   PageID #: 174

**YOUNG V. WVUBOG ET AL.**                                                1:21-CV-35

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND GRANTING AMENDED MOTION TO DISMISS**

Jordan, 440 U.S. 332 (1979).  For these reasons, Defendants are entitled to immunity.  Defendants' amended motion to dismiss is **GRANTED** with respect to Plaintiff's 42 U.S.C. § 1983 claims.  His procedural due process claim and First Amendment claim are **DISMISSED WITHOUT PREJUDICE.**

**B.   Plaintiff failed to exhaust his administrative remedies for his age discrimination claim.**

Plaintiff asserts that Defendants discriminated against him based on his age, in violation of the Age Discrimination Act of 1975 (the "ADA").  Because Plaintiff has failed to exhaust his administrative remedies, this claim must be dismissed.

The ADA states that "no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance."  42 U.S.C. § 6102.  Before asserting an ADA claim, a claimant must exhaust his administrative remedies.  See id. § 6104(e)(2) ("No action . . . shall be brought . . . if administrative remedies have not been exhausted.").

A claimant must "give notice by registered mail not less than 30 days prior to the commencement of th[e] action to the Secretary of Health and Human Services, the Attorney General of the United States, and the person against whom the action is directed."  Id.

Case 1:21-cv-00035-TSK-MJA   Document 22   Filed 03/17/22   Page 9 of 14   PageID #: 175

**YOUNG V. WVUBOG ET AL.**                                                      **1:21-CV-35**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND GRANTING AMENDED MOTION TO DISMISS**

§ 6104(e)(1).  The notice must "state the nature of the alleged violation, the relief to be requested, the court in which the action will be brought, and whether or not attorney's fees are being demanded in the event that the plaintiff prevails."  Id. § 6104(e)(2).  The Department of Education requires all complaints to be filed "within 180 days from the date the complainant first had knowledge of the alleged discrimination."  34 C.F.R. § 110.31(a).

Here, Plaintiff alleges that age discrimination occurred in March 2020, when Dr. Ryan began "performing her own investigations and accusing him of doing something wrong by asking female students to be part of a film project[.]"  Compl., ECF No. 1, at ¶ 21. Plaintiff did not file this lawsuit until March 15, 2021.  There is no evidence that Plaintiff has exhausted his administrative remedies.  As such, Defendants' amended motion to dismiss is **GRANTED** with respect to Plaintiff's age discrimination claim.  The age discrimination claim is **DISMISSED WITHOUT PREJUDICE**.

**C.   Plaintiff failed to state a claim of race discrimination.**

Plaintiff argues that Defendants discriminated against him based on his race, in violation of Title VI of the Civil Rights Act ("Title VI").  Plaintiff has failed to plead factual content that would allow the Court to draw the reasonable inference that Defendants are liable for the misconduct alleged.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND GRANTING AMENDED MOTION TO DISMISS**

Title VI provides, "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. The regulations state that this includes "discrimination under any program or activity receiving Federal financial assistance from the Department of Education." 34 C.F.R. § 100.1. The purpose of Title VI is two-fold: "First, Congress wanted to avoid the use of federal resources to support discriminatory practices; second, it wanted to provide individual citizens effective protection against those practices." Cannon v. Univ. of Chicago, 441 U.S. 677, 704 (1979).

To state a claim of Title VI discrimination, Plaintiff must either provide direct evidence of discrimination or plead a prima facie case under the McDonnell Douglas burden-shifting framework. See Glenn v. Wells Fargo Bank, N.A., 710 F. App'x 574, 576–77 (4th Cir. 2017); see also Middlebrooks v. Univ. of Md., 1999 WL 7860, at *5 (4th Cir. Jan. 11, 1999) (unpublished). "Title VI authorizes a private cause of action only for intentional discrimination based on race, color, or national origin." Miller v. Prince George's Cty. Gov't, 778 F. App'x 261, 262 (4th Cir. Oct. 2, 2019) (mem) (citing Franklin v. Gwinnett Cty. Pub. Sch., 503 U.S. 60, 70

Case 1:21-cv-00035-TSK-MJA   Document 22   Filed 03/17/22   Page 11 of 14   PageID #: 177

**YOUNG V. WVUBOG ET AL.**                                            **1:21-CV-35**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION,
OVERRULING OBJECTIONS, AND GRANTING AMENDED MOTION TO DISMISS**

(1992)).  In a Title VI suit brought in the education context, the Eighth Circuit has explained,

> To establish a prima facie case, the plaintiff must show: (1) "he is a member of a protected class"; (2) "he suffered an adverse action at the hands of defendants in pursuit of his education"; (3) "he was qualified to continue in pursuit of his education"; and (4) he was treated differently from similarly situated students outside his protected class.

Rowles v. Curators of Univ. of Miss., 983 F.3d 345, 355 (8th Cir. 2020) (citation omitted).

The Court agrees with the Magistrate Judge that Plaintiff's complaint does not include factual content that would prove a prima facie case of Title VI race discrimination.  Therefore, Defendants' amended motion to dismiss is **GRANTED** with respect to this allegation.  Plaintiff's race discrimination claim is **DISMISSED WITHOUT PREJUDICE**.

**D.   There is no private cause of action under 18 U.S.C. § 287.**

Plaintiff argues that Defendants have violated 18 U.S.C. § 287.  Because this is a criminal statute and does not create a private cause of action, this claim must be dismissed.

As the Supreme Court has explained, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).  The Fourth Circuit has also explicitly found

Case 1:21-cv-00035-TSK-MJA   Document 22   Filed 03/17/22   Page 12 of 14   PageID #: 178

**YOUNG V. WVUBOG ET AL.**                                                1:21-CV-35

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND GRANTING AMENDED MOTION TO DISMISS**

that there is no constitutional right "as a member of the public at large and as a victim to have . . . defendants criminally prosecuted." Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988).

Here, Plaintiff asserts that Dr. Ryan "chose to defend . . . false accusations against Plaintiff by calling Plaintiff into her office to conduct her own investigation. Plaintiff was not given a chance to defend himself against these false accusations and to clear his name." Compl., ECF No. 1, at ¶ 25. Plaintiff argues that these accusations were not true, and as a result, Dr. Ryan violated 18 U.S.C. § 287. Id.

Congress has stated the following in 18 U.S.C. § 287:

> Whoever makes or presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent, shall be imprisoned not more than five years and shall be subject to a fine in the amount provided in this title.

This is a criminal statute for which Congress has not provided a private cause of action. Accordingly, Defendants' amended motion to dismiss with respect to Plaintiff's 18 U.S.C. § 287 claim is **GRANTED**, and this claim is **DISMISSED WITH PREJUDICE.**

Case 1:21-cv-00035-TSK-MJA Document 22 Filed 03/17/22 Page 13 of 14 PageID #: 179

**YOUNG V. WVUBOG ET AL.** 1:21-CV-35

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND GRANTING AMENDED MOTION TO DISMISS**

## VI. CONCLUSION

For the reasons discussed above, the Court **ORDERS** the following:

- The R&R is **ADOPTED** to the extent that it is consistent with this Memorandum Opinion and Order [ECF No. 19];

- Plaintiff's motion for an extension of time in which to file objections is **GRANTED** [ECF No. 21];

- Plaintiff's objections to the R&R are **FILED** and **OVERRULED** [ECF No. 21];

- Plaintiff's procedural due process claim under 42 U.S.C. § 1983 is **DISMISSED WITHOUT PREJUDICE;**

- Plaintiff's First Amendment claim under 42 U.S.C. § 1983 is **DISMISSED WITHOUT PREJUDICE;**

- Plaintiff's age discrimination claim is **DISMISSED WITHOUT PREJUDICE;**

- Plaintiff's race discrimination claim is **DISMISSED WITHOUT PREJUDICE;**

- Plaintiff's 18 U.S.C. § 287 claim is **DISMISSED WITH PREJUDICE;**

- The amended motion to dismiss is **GRANTED** [ECF No. 11];

- The motion to dismiss is **DENIED AS MOOT** [ECF No. 9]; and

- This action is **DISMISSED** and **STRICKEN** from the Court's active docket.

It is so **ORDERED.**

**YOUNG V. WVUBOG ET AL.**                                                        **1:21-CV-35**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND GRANTING AMENDED MOTION TO DISMISS**

The Clerk is **DIRECTED** to transmit copies of this Memorandum Opinion and Order to counsel of record via email and to the pro se Plaintiff via certified mail, return receipt requested, at the last address shown on the docket. The Clerk is further **DIRECTED** to entry a separate order of judgment.

DATED: March 17, 2022

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE